## CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

    v.

Donnie Creed Wilburn

August 13, 1987

Case No. CR87000688

By JUDGE CLIFFORD R. WECKSTEIN

In a bench trial on July 6, 1987, the defendant, Donnie Creed Wilburn, was convicted of statutory burglary and grand larceny. On his motion, a presentence report was ordered. On August 3, 1987, before sentence was imposed, he filed a motion for new trial, based upon newly discovered evidence. An evidentiary hearing was held on this motion on August 10, 1987. At the conclusion of that hearing, counsel expressed the desire to submit briefs, and the motion was taken under advisement. Counsel now have agreed to waive further briefing and argument, and have asked the Court to rule on the motion.

At trial, two witnesses testified for the Commonwealth. One was the proprietor of the store that was burglarized. Her testimony did not inculpate the defendant, whom she testified she had never seen. The other witness was a co-defendant, who had plead guilty to, and been sentenced for, the offenses with which the defendant was charged. The co-defendant testified to his guilty role in the crime, and testified that the defendant was an active and willing co-participant. His was the only evidence inculpating the defendant.

This co-defendant was impeached by prior felony conviction. The court, in pronouncing its verdict, noted the need to scrutinize accomplice testimony with great

care and caution. The court nonetheless accepted the co-defendant's testimony, and found that the defendant's guilt had been proven beyond a reasonable doubt.

At the evidentiary hearing held on the motion for new trial, the defendant called the same co-defendant as a witness. Through the co-defendant, the defendant introduced a handwritten letter addressed on its face to the defendant. The co-defendant testified he had written and sent this letter to the defendant, in the City jail, on the day of trial, after the trial.

This letter reads:

> I got you back didn't I, for trying to go out with my girl friend now your gonna pay in Jail. I [co-defendant's name] got Donny Wilburn, Ha Ha you Didn't do crime but Now you gonna do the (time.) pay back Hell ain't it, Here is you on back.

The back of the sheet on which the letter is written contains a drawing of a skull.

While the co-defendant admitted writing this letter, he testified that he had sent it to the defendant with another letter, which said, in effect, that the defendant should be able to use the first letter to help him obtain a reduced sentence. The co-defendant testified, at the evidentiary hearing, that his trial testimony had all been true, and that the letter was a falsehood.

The defendant called as another witness at the evidentiary hearing a fellow prisoner of the defendant, and the co-defendant, in the Roanoke City Jail. This witness testified that, on the morning of the defendant's trial, the co-defendant told him that he was going to court. After court, the witness testified, the co-defendant told him that he had testified falsely against the defendant "for the Commonwealth to be more lenient in his sentencing"; that the defendant "didn't have anything to do with" the crimes and that he and the third co-defendant had planned, from the outset, to incriminate the defendant in the event that they were arrested for the burglary, because of the defendant's prior criminal record. The evidence did not show any reason for this witness to falsify his testimony, or that he had any particular bias in favor

of the defendant, or animus toward the co-defendant. The witness is a convicted felon.

Against this factual background, I consider the legal standards applicable to motions such as the one that the defendant now files. "Motions for new trials based on after-discovered evidence are addressed to the sound discretion of the trial court, are not looked upon with favor, are considered with special care and caution, and are awarded with great reluctance." *Odum v. Commonwealth*, 225 Va. 123, 130, 301 S.E.2d 145 (1983).

The moving party, according to *Odum* and a host of other cases, must establish four things.

The defendant in this case easily meets the first two tests described in *Odum*, i.e., that the evidence appears to have been discovered subsequent to trial, and that the evidence could not have been secured for use at trial in the exercise of reasonable diligence. *Id*. Neither the co-defendant's letter to the defendant nor the alleged post-trial statement existed before trial. They thus had to be "discovered" and "secured" after the trial ended.

The third of the *Odum* tests is that the evidence must not be "merely cumulative, corroborative or collateral." *Id*. At trial, there was no evidence that the co-defendant had made inconsistent or conflicting statements, or had testified falsely in the past. Although there are certainly cases in which impeachment evidence would be merely cumulative or corroborative, *cf. Fitzgerald v. Bass*, 4 Va. App. 371, 358 S.E.2d 576, 4 V.L.R. 26, 44 (1987), this is not such a case. Nor is this evidence in any sense collateral. It goes to the very heart of the credibility of the Commonwealth's case. This evidence is unlike anything presented at trial. I find that the defendant had met his burden on the third of the four *Odum* tests, as he has on the first two.

The fourth and final burden resting upon the movant is to establish that the evidence "is material, and such as should produce opposite results on the merits at another trial." *Odum, supra*, at 130.

"Evidence relevant to the credibility of a witness is as material in the constitutional sense as evidence which goes directly to the question of guilt where '[t]he jury's estimate of the truthfulness and reliability of

a given witness may well be determinative of guilt and innocence'."*Fitzgerald v. Bass, supra,* 4 VLR at 42 (citations omitted). In this case, where the only inculpatory evidence was that given by the witness whose veracity is now questioned, it is beyond question that the fact trier's estimate of that witness's truthfulness and reliability would be determinative of guilt or innocence. This evidence is thus "material in the constitutional sense." *Id.*

It is true that the materiality test, as articulated in *Odum,* is that the evidence should be "such as should produce opposite results on the merits at another trial." A review of the decided cases on this and related subjects satisfies me that this language means no more than that there is a reasonable probability that, had the trier of fact heard the new evidence, the result of the proceeding would have been different. For example, in *Reiber v. Duncan,* 206 Va. 657, 145 S.E.2d 157 (1965), a case cited by the *Odum* Court, the Court, after stating the four-part test in somewhat different language, noted that new trials are granted when "it seems probable that the newly discovered evidence would bring about a different result before another jury." *Id.* at 663. *See Dozier v. Commonwealth,* 219 Va. 1113, 1115, 253 S.E.2d 655 (1979), in which the trial judge (now a member of the Court of Appeals) granted a new trial because of "a reasonable likelihood of affecting the trier of fact."

Evidence that the Commonwealth's key witness averred, both orally and in writing, that he had perjured himself when testifying that this defendant was involved in this crime would very probably have a profound effect on the trier of fact, very likely altering the outcome at another trial. At such another trial, the fact finder can hear and consider the evidence about the co-defendant's various utterances, and the argument of counsel as to the weight and effect of all of the evidence.

The Supreme Court has held that "where after-discovered evidence, if true, shows that the party's own evidence, or that of his principal witness, upon a material point is fabricated, perjured or mistaken. . . a new trial should be granted." *Independence Cab Association v. La Touche,* 197 Va. 367, 376-77, 89 S.E.2d 320 (1955). That

is precisely what the newly-discovered evidence, if believed, would show in this case.

It is therefore the judgment of the Court that the defendant's motion for new trial will be granted, and the conviction entered on July 6, 1987, will be vacated. Counsel will please confer with Mrs. Dillon to schedule a new trial date. I am disposed to grant a motion that this case be reassigned to another judge for the new trial, if either party desires to make such a motion.